**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Aimee Dunn, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-469 |
| | ) | |
| MiraMed Revenue Group, LLC, an | ) | |
| Illinois limited liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Aimee Dunn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Aimee Dunn ("Dunn"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt which she allegedly owed for medical services.

4. Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, MiraMed was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. MiraMed is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Indiana.

6. MiraMed is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Securities Division, attached as Exhibit B.  In fact, Defendant acts as a debt collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Dunn fell behind on paying her debts, including a $733 debt she allegedly owed for medical services. After that debt went into default, it was turned over to Defendant MiraMed for collection.  On or about April 21, 2017, Ms. Dunn agreed to a payment plan of about $20 per month.

8. Accordingly, Ms. Dunn was shocked and alarmed when she received a collection letter from MiraMed, dated April 22, 2017, stated, in pertinent part:

* * *

PAYMENT SCHEDULE
Date of Agreement:        04-21-17        Payment Amount:   $623.51
Due Date:                        04-21-17        Payment Frequency: MONTHLY

This letter shall confirm that we will accept payment for the Amount Due according to the Payment Schedule shown above.

* * *

A copy of this letter is attached as Exhibit C.

9. Plaintiff never entered into the "Payment Schedule" with Defendant as stated in the April 22, 2017 letter.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, at 827. Here, Defendant's statement concerning a "Payment Schedule" would cause anyone, let alone an unsophisticated consumer to be confused as to their legal rights. In fact, Defendant's letter shocked, alarmed and confused Ms. Dunn.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e
### False Statements

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e. More specifically, § 1692e(2)(a) of the FDCPA prohibits debt collectors from making a false representation of "the character, amount or legal status of any debt", see 15 U.S.C. § 1692e(5).

15. Defendant, by agreeing to accept around $20 a month in payment and then claiming the agreed payment was $623 a month, violated § 1692e of the FDCPA.

16. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by agreeing to accept around $20 a month in payment and then claiming the agreed payment was $623 a month, used unfair and unconscionable. means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Aimee Dunn, prays that this Court:

1. Find that Defendant's form collection letter violated the FDCPA;

2. Enter judgment in favor of Plaintiff Dunn, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Aimee Dunn, demands trial by jury.

        Aimee Dunn,

        By:/s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: February 16, 2018

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Carissa K. Rasch   (Ill. Bar No. 06327475)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com